insurance law (chapter 690, Laws 1892), which is the present law on the subject. It provides a method in which such corporation "may be served," but does not exclude any other legal method of service. The appellant claims that the case of Laflin v. Insurance Co., 121 N. Y. 713, 24 N. E. 934, is in point in favor of its contention. We think not. The question there was whether an appointment which the defendant had filed under the act of 1884 was sufficiently certified so as to take the place of an appointment previously filed under chapter 555 of the Laws of 1875. No question as to the effect of the provision of the Code was considered. See, also, Ives v. Insurance Co., 78 Hun, 32, 28 N. Y. Supp. 1030, and Mullins v. Insurance Co., 78 Hun, 297, 28 N. Y. Supp. 959. We are of the opinion that the plaintiff was entitled to the benefit of the provisions of the Code, and that the order should be affirmed.

Order affirmed, with $10 costs and disbursements.

HERRICK, J., not acting.

---

## COHNFIELD v. WALSH.

(Supreme Court, Appellate Division, First Department. March 6, 1896.)

1. CONVERSION—COMPLAINT—SUFFICIENCY.

A complaint alleging that defendant prevented plaintiff from taking possession of his property, that defendant took possession thereof, but which alleges neither a demand, that the property had any value, that defendant converted it to his own use, nor that he was injured by defendant's retaining possession, does not state a cause of action.

2. CONVERSION—JUDGMENT—EVIDENCE TO SUPPORT.

To support a judgment for conversion of property, the value of the property, and a demand therefor, must be proved.

Appeal from circuit court, New York county.

Action by Isidor Cohnfield against Henry J. Walsh for conversion. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Waldo W. Willard, for appellant.
Benjamin Tuska, for respondent.

INGRAHAM, J. It is a little difficult from the complaint to ascertain just what cause of action this plaintiff has against the defendant. The complaint alleges that a certain iron or metallic cage or structure, located at 83 and 85 Greene street, in New York City, was in the possession of the plaintiff, and used by him in the business of manufacturing feathers; and that plaintiff's representatives, under the direction of the plaintiff, went to the said premises for the purpose of removing the same, but were hindered and prevented from removing the said cage or structure by the defendant and his representatives or employés; but that the defendant removed the said cage or structure, or procured the same to be removed, without the consent or authority of the plaintiff. There is no allegation that the plaintiff

demanded the possession of the cage from the defendant, or that the defendant converted the same to his own use; nor is there any allegation that the plaintiff sustained any damage in consequence of the defendant's refusing to allow him to remove the cage, or that the cage was of any value. The complaint is clearly insufficient to justify the granting of any judgment against the defendant. The action seems to have been tried upon the theory that it was an action for the conversion of the cage. No objection was taken to the form of the complaint. Upon the evidence it appeared that the plaintiff was a tenant of the premises, and that his lease seems to have expired on the 31st of January, or the 1st of February, 1893; that he did not remove this structure before the termination of his lease; that the defendant, who was a repairer of roofs, was employed by the owner of the premises to put on a new roof; that he found this structure upon the roof, and took it down for the purpose of performing his contract; that after he had taken it down, and while the structure was in the street, some men employed by the plaintiff told the defendant that the structure belonged to the plaintiff, and not to the defendant, and that the defendant said, "Leave that there; I don't care;" and that the defendant told this witness that he could not take it away. There was no evidence as to the value of these articles in the street, and nothing to show to the defendant the authority of the workmen who made this demand from the plaintiff. The only evidence at all as to the value was that of a mechanic, who never saw the structure, and who said he would regard $600 as a fair estimate for the value of the work if performed by him; that the value of labor in using and handling that sized piping would be 75 per cent., and 25 per cent. for material. This evidence referred to new material, and not to the value of the material after it had been used and was taken down. The plaintiff, by leaving this structure on the premises after the expiration of his lease, could not complain that the owner of the premises, or defendant as his employé, removed it; and while it is possible he might be entitled to the materials after they were removed, if he had made a proper demand, there is nothing to show that such a demand was made, or that the materials were of any value. No cause of action was either alleged against the defendant or proved upon the trial. For that reason we think the complaint was properly dismissed.

The judgment should therefore be affirmed, with costs. All concur.